430 P.2d 144

Harold C. WILLIAMS, dba Williams House Buyer and Mover, Petitioner,

v.

The ARIZONA CORPORATION COMMISSION and Milton J. Husky, E. T. "Eddie" Williams, and Dick Herbert, members thereof, Respondents,

Arizona House Moving Company, Inc., Intervenor.

No. 8870.

Supreme Court of Arizona, In Banc.

July 20, 1967.

Rehearing Denied Sept. 19, 1967.

Ed Hughes, Phoenix, for petitioner, R. G. Langmade, Phoenix, of counsel.

Darrell F. Smith, Atty. Gen., H. J. Lewkowitz, Asst. Atty. Gen., for respondents, Shimmel, Hill, Kleindienst & Bishop, Phoenix, for intervenor.

STRUCKMEYER, Justice.

This action was commenced as an original application for a writ of prohibition before this Court. We ordered that certiorari issue to respondents pursuant to Article VI, § 5, Constitution of Arizona, A.R.S., on the following state of facts.

Petitioner Harold C. Williams is engaged in the contracting business and is duly licensed by the Registrar of Contractors under A.R.S. § 32–1101 et seq. His petition states that he is a contractor engaged in the business of moving houses, and as such submits bids, undertakes to alter, improve, repair, move, erect, or demolish any building or other structure. Petitioner was served with an order to show cause emanating from the Arizona Corporation Commission as to why he should not be ordered to cease and desist his operations and fined for the reason that he did not hold a certificate of convenience and necessity to operate as a common or contract motor carrier.

Petitioner does not hold a certificate of convenience and necessity to operate as a common motor carrier pursuant to A.R.S. § 40–607, as amended by Laws 1963, or a permit to operate as a contract motor carrier pursuant to A.R.S. § 40–608. He asserts that as a contractor he is carrying only as an incident to another lawful business within the meaning of Visco v. State ex rel. Pickrell, 95 Ariz. 154, 388 P.2d 155, Williams v. State ex rel. Smith, 2 Ariz.App. 291, 408 P.2d 224, and A.R.S. § 40–601, as amended by Laws of 1960, and is not subject to control or regulation by the Commission.

The Commission relies on Article XV, § 2 of the Constitution of Arizona providing that all corporations, other than municipal, engaged in carrying property for hire shall be deemed public service corporations, and argues from this that, as a public service corporation, petitioner is subject to the control of the Commission. In invoking Article XV, § 2, the Commission assumes the truth of what is here disputed, that is, that petitioner is engaging in the business of carrying property for hire, and fails to recognize petitioner's asserted status that he is carrying only as an incident to another lawful business and is not a public service corporation. Until there has been determination of this question favorable to the Commission in an appropriate proceeding, it is without jurisdiction to compel petitioner to appear before it or submit to its control.

It is ordered that the proceeding before the Commission be quashed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.